IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY F. OVERSTREET,<br><br>        Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant.<br>_____/ | CASE NO. CV-F-03-6259 LJO<br><br>**ORDER TO GRANT PETITION FOR ATTORNEY FEES**<br>(Doc. 13, 15) |

**INTRODUCTION**

In this action reviewing administrative denial of Social Security benefits to plaintiff Terry Overstreet ("plaintiff"), plaintiff's attorney seeks an award under 42 U.S.C. § 406(b) ("section 406(b)"), of $1,680.00 for attorneys fees, less a credit of $625.80 for work to obtain plaintiff's past-due benefits. On September 14, 2006, plaintiff's attorney filed his petition for attorney fees. On September 26, 2006, defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), filed her response to the amount requested by plaintiff's attorney.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff retained counsel with the Christenson Law Firm. Plaintiff entered into a November 19, 2001 fee agreement, signed by attorney Robert D. Christenson,

1

to pay her attorney 25 percent of past-due benefits if plaintiff obtained a favorable court judgment or favorable Social Security Administration ("SSA") decision after court remand. (Doc. 13, Exh. G.) On December 9, 2003, this Court entered judgment and remanded the case to the Commissioner of Social Security for further administrative action pursuant to sentence four of 42 USC 405(g). After this Court's remand, SSA's Appeal Council issued its decision finding plaintiff eligible for benefits since May 23, 2001. The amount of past benefits was $30,364.08, from which the Administrative Law Judge awarded Mr. Christenson $5,300. Plaintiff's attorney seeks $1,680.00 for his work before this Court subject to a $625.80, offset for fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**DISCUSSION**

Section 406(b)(1)(A) addresses attorney fees in Social Security cases and provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Section 406(b)(1)(A) calls for court review of contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 152 L.Ed.2d 996, 1011 (2002). The Supreme Court recognized the primacy of lawful attorney-client fee agreements and ruled against a lodestar approach to determining reasonable attorney fees in social security cases where claimants prevail in federal court.[1] *Gisbrecht v. Barnhart,* 535 U.S. 789, 793, 122 S.Ct. 1817, 1820. The Court concluded that the statutory provision limiting attorney fees to 25 percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that

---

[1] A "lodestar" amount is based upon reasonable hours expended multiplied by a reasonable hourly rate. *Accord Allen v. Shalala*, 48 F.3d 456 (9th Cir. 1995). The fee may then be adjusted by considering the twelve factors identified in *Kerr v. Screen Actors Guilt, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1762 (1976), to wit:
(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

1  are within the statutory ceiling. The Supreme Court further observed:

2      Congress has provided one boundary line: Agreements are unenforceable to the extent
that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the
3      25 percent boundary . . . the attorney for the successful claimant must show that the fee
sought is reasonable for the services provided.
4

5      . . . .

    If the benefits are large in comparison to the amount of time counsel spent on the case,
6      a downward adjustment is similarly in order.

7  *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1011-1012.

8      Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee

9  agreements. *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1012. Lastly, an EAJA award offsets an award

10 under section 406(b) so that the amount of total past-due benefits the claimant receives will be increased

11 by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits. *See*

12 *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1004. The Commissioner notes the Court may only set fees

13 under 42 U.S.C. § 406(b) for work that is done before the Court. *See Horenstein v. Secretary of Health*

14 *and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994).

15     Indeed, Section 406(b) applies only to fees for legal services rendered before the Court and not

16 for services before the administrative tribunals. *Stenswick v. Bowen*, 815 F.2d 519, 521 (9th Cir. 1987).

17     In this case, plaintiff's attorney successfully sought remand to SSA's Appeals Council which

18 awarded plaintiff past-due benefits. Pursuant to the holding of *Gisbrecht*, the Court is to conduct an

19 independent check to assure the reasonableness of the fee request in light of the particular circumstances

20 of this case. 122 S.Ct. at 1828.

21     The Commissioner filed a response to the petition and did not object to the "reasonableness" of

22 the amount of fees requested or that a "windfall" was befalling plaintiff's counsel. The Commissioner

23 notes that the documentation provided by counsel shows that counsel has expended only 4.2 hours

24 which, for the amount of fees requested, computes to $400 per hour.

25     While recognizing that the requested fee reflects a *de facto* hourly rate of over $400, the Court

26 is satisfied that Mr. Christenson and the Christenson Law Firm have shown that the fee sought is

27 justified given the circumstances of this litigation. The Christenson Law Form expended 4.2 hours and

28 obtained a result of over $30,000 for plaintiff. Expending a relatively low number of attorney hours is

1  deceiving. The merits of plaintiff's case were not "certain." Plaintiff had already lost at the
2  administrative level and had been denied review by the Appeals Council. Only upon the Law Firm's
3  participation and effective advocacy was the case remanded and plaintiff ultimately awarded benefits.
4  The Law Firm efficiently and effectively handled the case, and gained a substantive result for its client,
5  which should not count against a request for compensation.

6  As noted by *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036 (N.D.Cal.2003), "district courts
7  generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting
8  that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements"
9  (citations omitted.) In *Hearn*, the court acknowledged that "basing a reasonableness determination on
10 a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable
11 contingency contract for which there runs a substantial risk of loss."

12 To guard against windfalls, some courts consider additional factors not explicitly proffered in
13 *Gisbrecht*. These include risk of loss in the representation, experience of the attorney, percentage of the
14 past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether
15 the client consents to the requested fee. *See, e.g., Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036-38
16 (N.D.Cal.2003) (considering risk of loss, experience of counsel, percentage of funds the fee consumes,
17 value of the case to the plaintiff, and client's consent to fee requested in approving a defacto hourly rate
18 of $450).

19 Here, this case involved a substantial risk of loss for counsel. These cases, in which the plaintiff
20 has lost at the administrative level, already constitute substantial risk of loss.[2] In addition, without
21 possible maximum fee recovery as incentive, plaintiffs such as the one in this case, may go
22 unrepresented or may be forced to abandon their claim.

23 Further, the requested fees are within the 25 percent limit in the contingency agreement. This
24 petition for attorneys fees was served on plaintiff and counsel indicates that plaintiff acknowledges the
25 work performed. While plaintiff has not expressly consented to the petition's request, neither has she

---

27 [2] Upon judicial review, a court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995
28 (9th Cir. 1985). Substantial evidence is "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).

objected to the request. *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations).

Thus, in light of the circumstances of this case, the Court finds that the fees are reasonable.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS the petition of plaintiff's attorney for a $1,680.00 attorney fee subject to a $625.80 offset for the prior EAJA award.

IT IS SO ORDERED.

**Dated:   September 27, 2006**                    **/s/ Lawrence J. O'Neill**
b9ed48                                             UNITED STATES MAGISTRATE JUDGE